JOSEPH HAGEMEYER and Another v. VILLAGE OF ST. MICHAEL.[1]

December 20, 1897.

Nos. 10,697—(184).

Injunction—Restraining Trespass—Disclaimer by Defendant—Refusal to Grant Temporary Injunction—Discretion of Court.

It is not error for the court to refuse to grant a temporary injunction against alleged threatened acts of trespass on land, when the defendant, both by answer and affidavit, disclaims any right to commit the acts, and positively denies that he ever intended or threatened to commit them.

Appeal by plaintiffs from an order of the district court for Wright county, Tarbox, J., discharging an order to show cause, and denying their application for a temporary injunction. Affirmed.

*W. H. Cutting*, for appellants.

That the relief demanded is proper is decided in this state by a number of decisions. Chadbourne v. Zilsdorf, 34 Minn. 43, and cases cited; Flaten v. City, 51 Minn. 518. A denial in the conjunctive form, of several allegations conjunctively stated in a plead-

[1] Reported in 73 N. W. 412.

ing and in the words of such allegations, is bad, and raises no issue. Pullen v. Wright, 34 Minn. 314. Such an answer admits the allegations of the complaint. Pottgieser v. Dorn, 16 Minn. 180 (204); Lynd v. Picket, 7 Minn. 128 (184); Dean v. Leonard, 9 Minn. 176 (190). When relevant and irrelevant matters are mingled in a pleading, so they cannot be separated, the whole will be stricken out. 18 Am. & Eng. Enc. 504, and notes; Perry v. Reynolds, 40 Minn. 499; Morton v. Jackson, 2 Minn. 180 (219); Hurlburt v. Schulenburg, 17 Minn. 5 (22).

Where the circumstances are such as to lead the court to believe it probable that the material statements of the complaint will, upon a final hearing, turn out to be true, it will be an exception to the rule. Stees v. Kranz, 32 Minn. 313; Flaten v. City, supra. The refusal to issue the temporary injunction, the dissolving of the injunction in force, renders it practically impossible for the plaintiffs to obtain another one in time to prevent injury. Flaten v. City, supra. Respondent has exclusive jurisdiction over the roads within its limits; having exclusive jurisdiction the county commissioners have none; the supervisors of the town have none. Bradish v. Lucken, 38 Minn. 186; Young v. Village, 39 Minn. 196; Bradley v. Village, 45 Minn. 4; Village v. Harling, 50 Minn. 555. The denial of the equity of the plaintiffs' bill by the defendant's mere affidavit, without answer, is not sufficient to defeat the motion for an injunction, when the allegations of the bill are corroborated by important facts set up in an additional affidavit not denied by the defendant. Walton v. Crowley, 3 Blatch. 440; note to 10 Am. & Eng. Enc. 1006.

*Wendell & Pidgeon,* for respondent.

On an application for an injunction the facts relied upon must be clearly and positively alleged. It is not sufficient that they may be inferred from the facts stated. Warsop v. City, 22 Minn. 437. The presentation of a petition to the commissioners of highways for a private road, and an expressed determination on their part, by ordering a survey of the road, to grant the petition, will not authorize a court of equity to enjoin the proceedings. Winkler v. Winkler, 40 Ill. 179. Mere apprehension of a threatened wrong

is not enough. German v. Maschop, 10 N. J. Eq. 57; Jenny v. Crase, 1 Cranch, C. C. 443; Watrous v. Rodgers, 16 Tex. 410.

An injunction ought not to be granted unless the injury is pressing and the delay dangerous, and there is no adequate remedy at law. Goodrich v. Moore, 2 Minn. 49 (61). The mere allegation that irreparable injury will result, unless protection is extended, is not sufficient, but facts must be stated, that the court may see how and why it would result, and that the apprehensions of irreparable mischief are well founded. Carlisle v. Stevenson, 3 Md. Ch. 499, 505; Waldron v. Marsh, 5 Cal. 119. Where a defendant asserts positively that it is not his intention to do a certain act or to violate any particular right asserted by plaintiff, and there is no evidence to the contrary, the court will not interfere by injunction. It will neither grant nor continue an injunction in the face of such disclaimer. Whalen v. Delashmutt, 59 Md. 250; West v. Cape May, 34 N. J. Eq. 164. The general rule is that upon the coming-in of an answer which positively denies all of the equities of the complaint an injunction will be denied. Moss v. Pettingill, 3 Minn. 145 (217); Armstrong v. Sanford, 7 Minn. 34 (49); Montgomery v. McEwen, 9 Minn. 93 (103); Pineo v. Heffelfinger, 29 Minn. 183.

The granting, refusing or dissolving of a temporary injunction must necessarily rest largely in judicial discretion, to be exercised with regard to the circumstances of the case. Myers v. Duluth, 53 Minn. 335; Hamilton v. Wood, 55 Minn. 482; Reddall v. Bryan, 14 Md. 444; Allen v. Hawley, 6 Fla. 142; Sullivan v. Moreno, 19 Fla. 200, 222; Roberts v. Anderson, 2 John. Ch. 202; Town v. Rondout, 43 How. Pr. 481; 1 Maddock, Ch. Pr. 125; Hanson v. Gardiner, 7 Ves. 305. The discretion in granting or refusing an injunction will not be controlled, unless abused, or some well-recognized principle of law or equity is violated. Nisbet v. Sawyer, 66 Ga. 256; Carter v. Monroe, 66 Ga. 755; Hamilton v. Wood, 55 Minn. 482.

MITCHELL, J.

The complaint alleged that the defendant wrongfully claimed that a public highway had been laid out across plaintiffs' premises, and, without any authority or right to do so, threatened and was about to open the alleged highway, and in doing so tear down a

large building, cut down trees, and excavate and remove the soil. The relief prayed for was an injunction to restrain the defendant from committing the threatened acts.

Upon this complaint the court, on June 11, 1897, issued an order on defendant to show cause on June 21 why a temporary injunction should not be granted. The hearing on the order to show cause was continued until June 26. On that day the defendant filed its answer, denying that it ever claimed that a highway had been laid out across plaintiffs' land, or that it ever threatened or intended to commit any of the acts charged in the complaint. Some of these denials are criticised as being merely negative pregnants, but, in view of what followed, it is unnecessary to consider their sufficiency. The defendant also filed an affidavit positively denying that it, or any of its officers, ever attempted, threatened, or intended to open a highway across the premises, or to enter upon them, or do any of the acts alleged in the complaint. Upon these pleadings and affidavit the court, on June 26, discharged the order to show cause, and denied the application for a temporary injunction.

On June 29 defendant served and filed an amended answer expressly and specifically denying all the allegations of the complaint. On July 2 the plaintiffs renewed their application for an injunction, which the court again denied, but added a proviso that the plaintiffs have leave to renew their motion for a temporary injunction if the defendant should thereafter attempt to open any road through plaintiffs' premises, or in any manner trespass upon them. The order thus modifying the prior order recites that the defendant had made and filed an amended answer, and that the motion was made on the pleadings and files in the cause, which included the amended answer and the affidavits used on the first hearing. The only order of the court thereafter in existence was that of July 2 or that of June 26 as modified on July 2. The plaintiffs appealed from the order of June 26.

It ought not to require any argument to show that there was no abuse of discretion in refusing to grant a temporary injunction against alleged threatened acts of trespass, when the defendant, both by its answer and by affidavit, explicitly denies that it ever threatened or intended to commit any such acts; especially when

the plaintiffs are expressly given leave to renew their motion for an injunction in case the defendant should thereafter attempt to commit the acts. This is all there is of this case.

Order affirmed.